

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-1995

# Spellman v. Meridian Bank

Precedential or Non-Precedential:

Docket 94-3203

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Spellman v. Meridian Bank" (1995). *1995 Decisions*. Paper 323.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————

No. 94-3203

——————


I. ORRIN SPELLMAN, on behalf of himself
and all others similarly situated

v.

MERIDIAN BANK (DELAWARE), and its
successor in interest Mellon Bank (DE);
MELLON BANK, (DE) N.A.

> I. Orrin Spellman, individually
> and on behalf of the class of
> all
> others similarly situated,
> Appellant


——————

No. 94-3204

——————


ERIC A. GOEHL

v.

MELLON BANK (DE)

> Eric A. Goehl, individually and
> on behalf of the class of all
> others similarly situated,
> Appellant

VIRGINIA AMENT, individually and on
behalf of all others similarly situated

v.

PNC NATIONAL BANK, a national bank
(D.C. Civil No. 92-cv-244)

SUZANNE CAPLAN, individually and on
behalf of all others similarly situated

v.

MELLON BANK (DE), N.A.
(D.C. Civil No. 92-cv-302)

SARA J. SZYDLIK; DONALD R. SZYDLIK, for themselves
and on behalf of all others similarly situated

v.

FIRST OMNI BANK, N.A.
(D.C. Civil No. 92-cv-330)

BARBARA S. THOMPSON, individually and on
behalf of all others similarly situated

v.

MARYLAND BANK, a national bank
(D.C. Civil No. 92-cv-346)

Virginia Ament, Suzanne Caplan,
Sara J. Szydlik and Donald R. Szydlik,
and Barbara S. Thompson, individually
and on behalf of the respective
classes they represent of all others
similarly situated,
Appellants

———————

No. 94–3216

———————


DAVID A. TOMPKINS, individually and
on behalf of all others similarly situated

v.

AMERICAN GENERAL FINANCIAL CENTER
(D.C. Civil No. 92–cv–375)


DONALD R. SZYDLIK, individually and
on behalf of all others similarly situated

v.

ASSOCIATES NATIONAL BANK (Delaware)
(D.C. Civil No. 92–cv–1025)

David A. Tompkins and Donald R. Szydlik,
individually and on behalf of the
respective classes they represent of
all others similarly situated,
                                    Appellants


———————

No. 94–3217

———————


KATHLEEN A. DEFFNER, individually and
on behalf of all others similarly situated

v.

CORESTATES BANK OF DELAWARE, N.A. a national bank
and HOUSEHOLD BANK, a federal savings bank
(D.C. Civil No. 92–cv–0398)

3

BARBARA BARTLAM, individually and
on behalf of all others similarly situated

v.

BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION,
a national banking association
(D.C. Civil No. 92-cv-1427)

Barbara Bartlam and Kathleen A. Deffner,
individually and on behalf of the
respective classes they represent of all
others similarly situated,
                                    Appellants

———————

No. 94-3218

———————

DAVID A. TOMPKINS, individually and
on behalf of all others similarly situated

v.

THE CHASE MANHATTAN BANK (USA),
a Delaware Chartered Bank

David A. Tompkins, individually
and on behalf of the class of all
others similarly situated,
                                    Appellant

———————————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 93-cv-868, 93-cv-878,
92-cv-244, 92-cv-302, 92-cv-330, 92-cv-346,
92-cv-375, 92-cv-1025, 92-cv-398,
92-cv-1427 & 92-cv-714)

———————————————

Argued February 2, 1995

Before: SCIRICA, ROTH and SAROKIN, Circuit Judges

4

_____

ORDER AMENDING SLIP OPINION
_____


        IT IS HEREBY ORDERED that the dissent and concurrence
in the slip opinion in the above case, filed December 29, 1995,
be amended as follows:

        1.  <u>Page 47, last sentence</u>.  Change parenthetical
following the citation to <u>Sherman v. Citibank (S.D.) N.A.</u> to
read:

                (term "interest" as used in 12 U.S.C. § 85 does not
                include late payment fees and does not preempt
                application of state law).

        2.  <u>Page 47, last sentence</u>.  Change parenthetical
following the citation to <u>Copeland v. MBNA America Bank, N.A.</u> to
read:

                (term "interest" as used in 12 U.S.C. § 85 includes
                late payment fees and preempts application of state
                law)

        3.  <u>Page 48, footnote 2, second paragraph</u>.  Change
parenthetical following the citation to <u>M. Nahas & Co. v. First
Nat'l Bank</u> to read:

                (holding complete preemption applies to the usury
                provisions of the National Bank Act, 12 U.S.C. §§85
                & 86)

        4.  <u>Page 49, third paragraph, first sentence</u>.  Change
the first sentence to read:

                Title 12, section 86, the National Bank Act's
                civil enforcement provision for recovery of
                excessive interest and impermissible loan fees
                charged by national banks, is the exclusive remedy
                for borrowers to enforce the terms of 12 U.S.C.
                §85.[3]

        5.  <u>Page 50, carryover paragraph, first line</u>.  Change
the parenthetical to read:

5

(noting the identity of language between the first part of § 521 of DIDA and 12 U.S.C. § 85)

6. Page 50, first full paragraph, third sentence. Change the sentence to read:

Title 12, section 86 and § 521 of DIDA, govern recovery of impermissible loan fees from such banks.

7. Page 51, third paragraph. Change parenthetical following the citation to M. Nahas to read:

(finding congressional intent for complete preemption based on Congress' creation of an exclusive federal remedy in 12 U.S.C. § 86)

8. Page 52, footnote 5. Begin a new paragraph with the sentence, "I understand the desire to interpret . . ."

9. Page 53, second paragraph, second sentence. Change sentence to read:

We could not expect the Congress which enacted the National Bank Act to have discussed the federal question jurisdiction or removal implications of 12 U.S.C. §§ 85 & 86, since neither general federal question jurisdiction nor general removal power existed in 1864.[8]

10. Page 57, last paragraph, first sentence. Rearrange the first sentence to read:

Against this backdrop, Congress enacted the provision on usury in section 30 of the National Bank Act of 1864, 12 U.S.C. §§ 85, 86.

11. Page 58, second paragraph, first sentence. Change sentence to read:

The Supreme Court has described Congress' intent in passing 12 U.S.C. §§ 85 & 86.

12. Page 59, first full paragraph, first sentence. Change sentence to read:

Congressional intent can also be gleaned from the fact that 12 U.S.C. § 86 provides the exclusive remedy for usury claims against national banks.[11]

6

13. <u>Page 60, carryover paragraph, first sentence</u>.
Change sentence to read:

> Further, the remedy for usury in 12 U.S.C. § 86,
> "preempts the field and leaves no room for varying
> state penalties."

14. <u>Page 61, first full paragraph, fourth sentence</u>.
Change sentence to read:

> Section 521 of DIDA was specifically intended to
> have congruent scope with the National Bank Act
> with respect to the coverage of 12 U.S.C. § 85.

15. <u>Page 62, carryover paragraph</u>.  Change the
parenthetical following the citation to <u>Copeland v. MBNA America,
N.A.</u> to read:

> (finding no complete preemption in 12 U.S.C. §§ 85
> & 86)


BY THE COURT,


/s/ Anthony J. Scirica


Circuit Judge

DATED: January 12, 1996

7